## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROY E. SMITH,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0725** (BOR Appeal No. 2055204)
                    (Claim No. 2019001441)

**KING COAL CHEVROLET COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy E. Smith, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). King Coal Chevrolet Company, by counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is the denial of additional compensable components to the claim. The claims administrator issued an Order dated May 22, 2019, which denied the addition of the following conditions to the claim: sciatica, low back pain, intervertebral disc disorder without radiculopathy in the lumbosacral region, and spinal stenosis of the lumbar area with neurogenic claudication. On February 28, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated August 21, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Smith sustained an injury to his lumbar spine on July 11, 2018, when he was cleaning and emptying a dry/wet vacuum while working for King Coal Chevrolet Company. The next day, he received medical treatment at MedExpress Urgent care where an Employees' and Physicians' Report of Occupational Injury or Disease was completed. The diagnosis listed on the form was lumbar sprain. An x-ray showed mild disc narrowing at L4-L5 and L5-S1. The claim was held compensable for strain of the lumbar spine by the claims administrator on July 18, 2018.

On September 24, 2018, Mr. Smith was seen by Robert Crow, M.D. Dr. Crow noted that Mr. Smith has experienced back pain on and off for a number of years. Dr. Crow reviewed the results of an MRI of July 28, 2018, which showed left L4-L5 disc herniation and L5-S1 central right disc protrusion. Instead of surgery, Dr. Crow recommended physical therapy and advised that he would administer an injection if Mr. Smith failed to improve.

Thereafter, Mr. Smith came under the care of Kimberly Nemati, PA, with New River Health Associates. An August 29, 2018, treatment note by Ms. Nemati indicates the diagnosis as spinal stenosis, lumbar region with neurogenic claudication. A treatment note from a September 13, 2018, evaluation listed the assessments as sciatica on the left and intervertebral disc disorder with radiculopathy in the lumbosacral region. After physical therapy was discontinued, Ms. Nemati reported on October 31, 2018, that Mr. Smith was losing a lot of weight. She ordered a TENS unit, recommended injections, and issued return to work slips with restrictions.

Prasadarao B. Mukkamala, M.D., evaluated Mr. Smith at the request of the claims administrator and prepared a report dated November 27, 2018. Dr. Mukkamala found that Mr. Smith had reached maximum medical improvement for the approved condition of sprain of ligaments of the lumbar spine and opined that he had 11% whole person impairment under the

American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), which was adjusted to 8% pursuant to West Virginia Code of State Rules §85-20-C. Dr. Mukkamala allocated 4% impairment to preexisting degenerative spondylarthrosis and 4% to the compensable injury of July 11, 2018.

Mr. Smith continued to experience low back pain, and he continued treatment with Ms. Nemati. On February 15, 2019, Ms. Nemati completed a Diagnosis Update in which she listed the following diagnoses: lumbar intervertebral disc without myelopathy, sciatica, low back pain, and intervertebral disc disorder with radiculopathy of the lumbosacral region. Ms. Nemati also noted in the clinical findings section that there was spinal stenosis of the lumbar region with neurogenic claudication.

Following the submission of the Diagnosis Update request, the medical records were reviewed by Rebecca Thaxton, M.D., for the claims administrator. In her report dated March 28, 2019, Dr. Thaxton recommended that displacement of lumbar intervertebral disc without myelopathy be added to the claim. She recommended against adding left sciatica, low back pain, intervertebral disc disorder with radiculopathy of the lumbosacral region, and spinal stenosis with neurogenic claudication to the claim as compensable diagnoses. The claims administrator issued an Order dated May 22, 2019, based upon the recommendations of Dr. Thaxton. The request to add the conditions sciatica, low back pain, intervertebral disc disorder without radiculopathy of lumbosacral region, and spinal stenosis with neurogenic claudication was denied. Mr. Smith protested the claims administrator's Order.

Mr. Smith testified in a deposition on June 4, 2019, that he was emptying a large vacuum cleaner at work when his back locked up. He reported the injury to his supervisor. The following day, he went to work, but after complaining about back pain, he sought treatment at MedExpress. He recalled another time that his back hurt when he worked for the parts service. However, Mr. Smith testified that he was able to return to work after missing work for a couple of days. He stated that he was not having any back pain or problems with his back prior to the injury in the claim.

In a supplemental Independent Medical Evaluation dated October 25, 2019, Dr. Mukkamala opined that the Grievance Board appropriately denied sciatica, low back pain, intervertebral disc disorder without radiculopathy of the lumbosacral region, and spinal stenosis of the lumbar area with neurogenic claudication as compensable conditions in the claim. Dr. Mukkamala felt that the mechanism of injury indicated that Mr. Smith had a lumbar sprain. He noted that some medical reports documented a prior medical history of similar back pain, and that the changes on the MRI were naturally occurring, preexisting, and not causally related to the compensable injury of July 11, 2018. Dr. Mukkamala concluded that Mr. Smith's ongoing symptoms were related to preexisting degenerative spondyloarthropathy and were not causally related to his compensable injury.

On February 28, 2020, the Office of Judges affirmed the claims administrator's May 22, 2019, Order, and concluded that Mr. Smith has not proven by a preponderance of the evidence that the conditions of sciatica, low back pain, and intervertebral disc disorder with radiculopathy

of the lumbosacral region resulted from his compensable injury on July 11, 2018. The Office of Judges found that Dr. Thaxton's report of March 28, 2019, provides a very rational and thorough description of the conditions contained in the Diagnosis Update. It was determined that Dr. Thaxton's findings are in line with those of Dr. Crow, and that Mr. Smith did not present medical evidence to rebut the findings of Dr. Thaxton. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. In her Physician Review report, Dr. Thaxton recommended that displacement of lumbar intervertebral disc without myelopathy be added to the claim. However, she recommended that the remaining conditions listed in the Diagnosis Update be denied. She stated that radiculopathy was not supported based upon Dr. Mukkamala's evaluation or Dr. Crow's report. Dr. Thaxton concluded that low back pain, sciatica, and neurogenic claudication were symptom codes that were covered by lumbar sprain and disc herniation. Thus, she felt that these conditions should be denied in the claim. Mr. Smith has not proved by a preponderance of the evidence that the conditions should be added to the claim.

Affirmed.

**ISSUED: January 11, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton